## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| GREGORY ALLEN CAUDLE,            ) | |
|                                                               ) | |
|                       Petitioner,          ) | |
| v.                                                         ) | No. 1:09-cv-1253-SEB-DML |
|                                                               ) | |
| THOMAS D. HANLON,                   ) | |
|                                                               ) | |
|                       Respondent.       ) | |

### Entry Denying Petition for Writ of
### Habeas Corpus and Directing Entry of Judgment

Petitioner Gregory Allen Caudle seeks habeas corpus relief with respect to his 2006 convictions in an Indiana state court for burglary and for theft. The court has considered Caudle's petition, the respondent's return to order to show cause, Caudle's reply and the expanded record, and finds for the reasons explained in this Entry that Caudle's petition must be **denied** and this action **dismissed with prejudice.**

### I. Background

The pleadings and the expanded record establish the following:

1.       On December 2, 2005, Caudle was charged in the Marion Superior Court, Criminal Division, with one (1) count of Class B felony burglary and one (1) count of Class D felony theft. Prior to the disposition of these charges, Caudle was charged with being an habitual offender under Indiana law. See IND. CODE § 35-50-2-8. The prosecution just described is referred to in this Entry as "the Burglary case."

2.       On July 17, 2006, Caudle entered a written guilty plea to both charges described above, as well as the habitual offender sentence enhancement. The plea agreement called for a maximum aggregate sentence of 20 years.

3.       On the same date, the trial court imposed a ten (10) year executed sentence as to the burglary offense, enhanced by ten (10) years due to the habitual offender enhancement. The result was an aggregate sentence of 20 years. A concurrent three (3) year term as to the theft charge was also imposed.

4.       On November 15, 2006, Caudle filed a petition for post-conviction relief in the Burglary case. After a December 6, 2007, hearing, the trial court denied the petition for post-conviction relief.

5. On March 19, 2008, Caudle was granted permission from the Indiana Court of Appeals to file a Successive Petition for Post Conviction Relief. As grounds for relief, Caudle argued that the sentence in the Burglary case was improper because he was serving consecutive habitual offender sentence enhancements.

   a. On December 4, 2008, the court held an evidentiary hearing on the Successive Petition for Post-Conviction Relief. At the hearing, Caudle called no witnesses and did not testify. Exhibits admitted into evidence at the hearing included a copy of the plea agreement described above, a copy of a plea agreement from cause 49G03-9708-CF-124368 (hereafter "the 368 case"), the transcript of the proceedings from the guilty plea and sentencing hearing in this cause, a copy of the habitual offender charging information from this cause, a copy of the abstract of judgment in the Burglary case, a copy of the habitual offender charging information from the 368 case and a copy of the abstract of judgment from the 368 case. The court took judicial notice of its file.

   b. The post-conviction court found that two of the prior unrelated felony convictions used to support the habitual offender enhancement in the Burglary case were also used in Caudle's habitual proceeding in the 368 case. The post-conviction court also found that on March 12, 1999, Caudle was sentenced to a sixteen (16) year executed sentence following his guilty plea to Class B felony burglary and the habitual offender enhancement in the 368 case. His six (6) year sentence for the burglary charge was enhanced by ten (10) years under the habitual enhancement. He was given credit for 572 days served prior to sentencing.

   c. The post-conviction court also found that at the time Caudle was sentenced in the Burglary case he was on parole from the sentence in the 368 case. The court advised Caudle that his sentence for the Burglary case would run consecutive to any "backup time" on his parole case.

   d. Although the abstract of judgment in the Burglary case makes no reference to his conviction in the 368 case, the post-conviction court found that Caudle was in fact serving consecutive habitual offender enhancements for sentences imposed under the Burglary case and in the 368 case.

   e. The post-conviction court found that the evidence was with Caudle and against the State.

6. Caudle initiated an appeal from the decision described in paragraph 5.e. above pertaining to his successive petition for post-conviction relief. On January 14, 2010, the Indiana Court of Appeals dismissed Caudle's appeal with prejudice, noting that he had filed no further pleadings or a Brief of the Appellant since the trial court clerk issued its Notice of Completion of Clerk's Record on October 13, 2009. The failure to take such actions is commonly known as the failure to perfect an appeal.

7. By the time the appeal was dismissed, Caudle had filed the present action on October 6, 2009.

## II. Caudle's Claims

Caudle's habeas claims are: (1) his guilty plea was based on a contractually infirm plea agreement; (2) his conviction was obtained through an unconstitutional search and seizure; (3) the State suppressed evidence; and (4) he was denied the effective assistance of counsel.

## III. Discussion

### A. Applicable Law

"[W]hen examining a habeas corpus petition, the first duty of a district court . . . is to examine the procedural status of the cause of action." *United States ex rel. Simmons v. Gramley,* 915 F.2d 1128, 1132 (7th Cir. 1990). "A state prisoner . . . may obtain federal habeas review of his claim only if he has exhausted his state remedies and avoided procedurally defaulting his claim." *Thomas v. McCaughtry,* 201 F.3d 995, 999 (7th Cir. 2000). Procedural default occurs either (1) when a petitioner failed to exhaust state remedies and the court to which he would have been permitted to present his claims would now find such claims procedurally barred, *Coleman v. Thompson,* 501 U.S. 722, 735 n.1 (1990), or (2) "if the decision of [the state] court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Id.* at 729. If a petitioner neglects to properly present a claim to the state's highest court, the claim is procedurally defaulted and barred from district court consideration. *O'Sullivan v. Boerckel,* 526 U.S. 838, 848 (1999); *Moffat v. Boyles,* 288 F.3d 978, 982 (7th Cir. 2002); *Wilson v. Briley,* 243 F.3d 325, 327 (7th Cir. 2001). When procedural default has occurred, it can be overcome if a habeas petitioner "can demonstrate either (a) cause for the default and prejudice (*i.e.,* the errors worked to the petitioner's '*actual* and substantial disadvantage,' or (b) that failure to consider his claim would result in a fundamental miscarriage of justice (*i.e.,* a claim of actual innocence)." *Conner v. McBride,* 375 F.3d 643, 648 (7th Cir. 2004) (internal citations omitted); *see also Dellinger v. Bowen,* 301 F.3d 758, 764 (7th Cir. 2002), *cert. denied,* 537 U.S. 1214 (2003).

### B. Analysis

Caudle committed procedural default as to his habeas claims. His procedural default consists in failing to perfect his appeal from post-conviction review. *O'Sullivan* 526 U.S. at 845 ("'[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process,' including review by the state's court of last resort, even if review in that court is discretionary."). This default precludes consideration of the merits unless Caudle shows the presence of circumstances overcoming the consequences of that default. He has not done so, and the consequence of this is that the court is not permitted to reach the merits of his habeas claims. Caudle seeks an evidentiary hearing, which in a habeas action is only necessary when a more extensive factual record must be compiled to decide an issue. *See Newell v. Hanks*, 283 F.3d 827, 838 (7th Cir. 2002). That is not the case here, just as Caudle's request for further delay in the development of this case or for a "remand" to the trial court is not sensible under the circumstances.

Case 1:09-cv-01253-SEB-DML   Document 32   Filed 03/04/10   Page 4 of 4 PageID #: 305

## IV. Conclusion

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). In this case, Caudle has encountered the hurdle produced by the doctrine of procedural default. He has not shown the existence of circumstances permitting him to overcome this hurdle, and hence is not entitled to the relief he seeks. Caudle's petition for a writ of habeas corpus is **denied.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 03/04/2010

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana